UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUSY BERRIOS,

    Plaintiff,
v.                                Case No. 8:10-cv-482-T-33TGW

JOHN I. PARK, D.M.D., P.A., and
JOHN I. PARK,,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion for Approval and Stipulation of Dismissal (the "Settlement Motion" Doc. # 22), which was filed on August 20, 2010, as well as Susy Berrios's Response to the Court's August 23, 2010 Order In Connection with the Parties' Settlement (Doc. # 24), which was filed on August 30, 2010. For the reasons that follow, the Court will grant the Settlement Motion in part.

**I.  Background**

Plaintiff Susy Berrios initiated this case on February 22, 2010, by filing a one-count complaint against Defendants John I. Park, D.M.D., P.A., and John I. Park, her former employer, alleging violation of the Fair Labor Standards Act.  (Doc. # 1).  John I. Park, D.M.D., P.A.,

and John I. Park filed an answer and affirmative defenses on April 9, 2010 (Doc. # 10) and an amended answer and affirmative defenses on May 20, 2010 (Doc. # 15). The parties filed the Case Management Report on May 10, 2010. (Doc. # 11). Counsel for Ms. Berrios filed her answers to the Court's interrogatories on May 27, 2010. (Doc. # 16). On July 22, 2010, the parties filed a status report regarding their settlement. (Doc. # 20). On August 20, 2010, the parties filed their Settlement Motion (Doc. # 22). No other relevant activity is revealed on the docket. The parties did not file dispositive motions or participate in any hearings.

In the Settlement Motion, the parties reveal that Ms. Berrios will receive a total recovery of $4,072.20. (Doc. # 22 at 3). The settlement also provides that Ms. Berrios's counsel, the Shavitz Law Group, P.A., will receive $4,260.00 in fees and $630.00 in costs. (Doc. # 22 at 3). Thereafter, on August 23, 2010, the Court entered an order denying the Settlement Motion without prejudice and directing Ms. Berrios's counsel to file an itemized statement reflecting the time and resources allocated to the present case. (Doc. # 23).

On August 30, 2010, Ms. Berrios's counsel filed a

2

response in support of the fees and costs requested. (Doc. # 24). In the response, Ms. Berrios's counsel, Keith M. Stern, Esq., submitted that he expended 19.30 hours of time on this matter and, that at that his customary rate of $275.00 per hour, his total fee was $5,307.50. (Doc. # 24 at 5).

However, it appears that through negotiations, the parties agreed to a reduced total fee of $4,260.00. (Doc. # 22 at 5). In the Settlement Motion, Mr. Stern explained that the costs of $630.00 were accrued as follows: $350.00 for filing fees; $180.00 for process service fees; and $100.00 for research and investigation related fees. (Doc. # 22 at 5).

**II. Analysis**

This Court is duty-bound to scrutinize the attorney's fees requested in this FLSA case as directed by the court in Silva v. Miller, 307 F. App'x 349 (11th Cir. 2009). There, the court explained:

> FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wrong employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. To turn a blind eye to an agreed upon contingency fee in an

3

>      amount greater than the amount determined to be
>      reasonable after judicial scrutiny runs counter
>      to FLSA's provisions for compensating the wronged
>      employee.

Id. at 352.

In this case, the Court finds it appropriate to approve the costs sought, which amount to $630.00, but to reduce the attorney's fees sought in the Settlement Motion by 15%. This Court is afforded broad discretion in addressing attorney's fees issues. See Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001)("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations.")(internal citation omitted).

The fee applicant bears the burden of establishing entitlement to the hours requested as well as to the hourly rate. Webb v. Bd. of Educ. of Dyer County, 471 U.S. 234, 242 (1985). Thus, the fee applicant must produce satisfactory evidence that the requested rate is within the prevailing market rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Further, the fee applicant must support the number of hours worked. Id. If an attorney fails to carry his or her burden, the Court "is itself an expert on the question [of attorney's fees] and may consider its own

knowledge and experience concerning reasonable and proper fees." <u>Norman v. Hous. Auth. of Montgomery</u>, 836 F.2d 1292, 1303 (11th Cir. 1988).

In this case, Ms. Berrios's attorney filed a response in support of the attorney's fees sought; however, he did not address the traditional factors relevant to attorney's fees analysis, such as preclusion of other employment, difficulty of the work, complexity, and other matters. (Doc. # 24). After due consideration of the entire file, the Court comes to the conclusion that fee sought is not justified. The Court comes to this conclusion because no hearings were held in this case, no dispositive motions were filed, and the case remained pending for less than one year.

Furthermore, in determining that an across-the-board fee reduction of 15% is necessary, the Court has given great consideration to the following well-known factors: the time and labor required, the novelty and difficulty of the questions, the preclusion of other employment by the attorney due to the acceptance of the case, and the amount involved and the results obtained.[1]

---

[1] The Court recognizes that the present order does not address each and every one of the factors set forth in <u>Johnson v. Ga. Highway Exp. Inc.</u>, 488 F.2d 714, 719 (5th Cir. 1974)

As noted, Ms. Berrios's counsel provided no analysis of these factors in his response or other submissions. At the present moment, the Court is flooded by a deluge of FLSA cases. These cases are not complex and, in this Court's opinion, are not labor-intensive. These cases generally require little time in Court (in the present case, no Court time was required), and it is a rare FLSA case that presents novel or difficult questions for counsel or the Court.

Accordingly, and for the reasons specified above, the Court applies an across-the board reduction of 15% to the requested fee of $4,260.00 to yield $3,621.00.[2] Ms. Berrios's attorney is entitled to $630.00 in costs.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The parties' Joint Motion for Approval and Stipulation of Dismissal (Doc. # 22), is **GRANTED** as modified above.

---

and Norman in detail. Nevertheless, the Court has given due consideration to each factor in reaching the decision to reduce Plaintiff's counsel's fees.

[2] Ms. Berrios's counsel's total recovery is $4,251.00.

6

(2)  The Clerk is directed to **CLOSE** the case.

**DONE** and **ORDERED** in Tampa, Florida, this <u>1st</u> day of September, 2010.

<i>/s/ Virginia M. Hernandez Covington</i><br>
VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record